Slip Op. 01-137

# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: HONORABLE GREGORY W. CARMAN, CHIEF JUDGE

| | |
|---|---|
| **FORMER EMPLOYEES OF MOTOROLA CERAMIC PRODUCTS,** <br><br>      **Plaintiffs,** <br><br>   **v.** <br><br> **UNITED STATES OF AMERICA,** <br><br>      **Defendant.** | **Consol. Court No. 99-07-00393** |

[Plaintiffs' application for fees and other expenses pursuant to the Equal Access to Justice Act is denied.]

Dated: November 28, 2001

*Dorsey & Whitney* (*Munford Page Hall*, *II*, *Linda B. Popejoy*), Washington, D.C., for Plaintiffs.

*Robert D. McCallum, Jr.*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Velta A. Melnbrencis*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Louisa M. Reynolds*, Attorney, United States Department of Labor, of Counsel, Washington, D.C., for Defendant.

### OPINION

**CARMAN, Chief Judge:** Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412

(2001), and Rule 68 of this Court, Plaintiffs have applied for fees and other expenses related to

*Former Employees of Motorola Ceramic Products v. United States*, Consolidated Court Number

99-07-00393. This Court denies Plaintiffs' application for fees and other expenses because

Plaintiffs do not qualify as a prevailing party under the Equal Access to Justice Act (EAJA).

## BACKGROUND

Plaintiffs sought worker adjustment assistance under the Trade Act of 1974, as amended, but the United States Department of Labor (DOL) twice denied Plaintiffs certification for eligibility. *See Negative Determination Regarding Eligibility to Apply for Worker Adjustment Assistance*, TA-W-35,438, Motorola Ceramic Products, Albuquerque, New Mexico, 64 Fed. Reg. 16,752 (April 6, 1999); *Notice of Negative Determination on Reconsideration*, TA-W-35,438, Motorola Ceramic Products, Albuquerque, New Mexico, 64 Fed. Reg. 32,275 (June 16, 1999). Through court-appointed counsel, Plaintiffs challenged the denial of eligibility certification in this Court, moving for judgment upon the agency record. With Plaintiffs' consent, the DOL requested a remand to reconsider its negative determinations. This Court granted the DOL's request. After reconsideration, the DOL reversed its negative determination and certified the employees as eligible for adjustment assistance due to their loss of employment from increased imports. *See Notice of Revised Determination on Remand*, 66 Fed. Reg. 15,139 (March 15, 2001). The parties then filed a stipulation of dismissal, and the Court entered an order of dismissal of the consolidated case on August 7, 2001.

On September 6, 2001, Plaintiffs filed an application for fees and other expenses pursuant to the EAJA and Rule 68 of this Court. Defendant filed a memorandum in opposition to Plaintiffs' application on October 5, 2001, asserting Plaintiffs did not meet the prevailing party requirement of the EAJA. Plaintiffs sought leave and were permitted by the Court to file a reply memorandum which they filed on November 2, 2001.

DISCUSSION

Congress enacted the EAJA to encourage individuals who might otherwise be deterred by the expense of legal representation to seek review of unreasonable governmental actions. *See Equal Access to Justice Act*, Pub. L. No. 96-481, Title II, § 201, 94 Stat. 2325 (1980). A party is eligible for fees and expenses under the EAJA if: (1) the applicant prevails in the action; (2) the government's position is not substantially justified; (3) an award of attorney fees would not be unjust; and (4) a timely-filed fee application is supported by an itemized statement. *See Doty v. United States*, 71 F.3d 384, 385 (Fed. Cir. 1995).

This Court must first determine whether Plaintiffs are a "prevailing party" under the statute. If Plaintiffs cannot establish they are the prevailing party, this Court cannot award them legal fees under the EAJA. The EAJA states in relevant part:

> Except as otherwise specifically provided by statute, a court shall award *to a prevailing party* other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

The Supreme Court recently defined "prevailing party" in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 121 S.Ct. 1835 (2001). In *Buckhannon*, an assisted living provider had sought from the District Court declaratory and injunctive relief that the State of West Virginia's requirement that all residents be capable of "self-preservation" violated the Fair Housing Amendments Act of 1988 (FHAA), 42 U.S.C. § 3601 *et seq*., and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §

12101 *et seq.* Pending resolution of the case, the West Virginia Legislature eliminated the "self-preservation" requirement. The District Court therefore granted Defendants' motion to dismiss the case as moot. It also denied Plaintiffs' motion for attorney fees under the FHAA, 42 U.S.C. § 3613(c)(2), and the ADA, 42 U.S.C. § 12205, both of which require the claimant to be a prevailing party. Plaintiffs asserted they were the prevailing party under the "catalyst theory." Under that theory, a plaintiff whose litigation produces the desired result by prompting a voluntary change in the defendant's conduct is a prevailing party. The Fourth Circuit had previously rejected the catalyst theory,[1] and it affirmed the District Court's denial of Plaintiffs' motion. *See Buckhannon*, 121 S.Ct. at 1838-1839.

The United States Supreme Court, in a 5-4 decision, affirmed the Fourth Circuit, holding that a prevailing party must have been awarded some relief by the courts and rejecting the catalyst theory embraced by most other courts of appeals.[2] To satisfy the prevailing party requirements, the Supreme Court interpreted its past decisions to require a judicially sanctioned change in the parties' legal relationship, whether through an enforceable judgment on the merits or through a court-ordered consent decree. *Buckhannon*, 121 S.Ct. at 1840, 1841.

Although *Buckhannon* does not discuss the EAJA, the Supreme Court based its

---

[1]*See S-1 and S-2 v. State Bd. of Ed. of N.C.*, 21 F.3d 49, 51 (4th Cir. 1994) (en banc) (per curiam).

[2]All of the following embraced with approval the catalyst theory: *Stanton v. S. Berkshire Reg'l Sch. Dist.*, 197 F.3d 574, 577 n.2 (1st Cir. 1999); *Marbley v. Bane*, 57 F.3d 224, 234 (2d Cir. 1995); *Baumgartner v. Harrisburg Hous. Auth.*, 21 F.3d 541, 546-550 (3rd Cir. 1994); *Payne v. Bd. of Ed.*, 88 F.3d 392, 397 (6th Cir. 1996); *Zinn v. Shalala*, 35 F.3d 273, 276 (7th Cir. 1994); *Little Rock Sch. Dist. v. Pulaski Cty. Special Sch. Dist., #1*, 17 F.3d 260, 263, n.2 (8th Cir. 1994); *Kilgour v. City of Pasadena*, 53 F.3d 1007, 1010 (9th Cir. 1995); *Beard v. Teska*, 31 F.3d 942, 951-952 (10th Cir. 1994); *Morris v. City of West Palm Beach*, 194 F.3d 1203, 1207 (11th Cir. 1999).

interpretation of "prevailing party" upon statutes other than those at issue in *Buckhannon*. It referred to "[n]umerous federal statutes [that] allow courts to award attorney's fees and costs to the 'prevailing party,'" (*Id.* at 1838) and noted that it has consistently interpreted the nearly identical fee-shifting provisions of other statutes, such as the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), the Voting Rights Act Amendments of 1975, 42 U.S.C. § 1973l(e), and the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. *Id.* at 1839. The Supreme Court, therefore, did not appear to limit its interpretation of "prevailing party" to the FHAA, ADA, and those statutes listed as examples of similar language.

In keeping with Supreme Court precedent, this Court interprets the EAJA to permit an award of fees only to a prevailing party. The stipulation of dismissal is insufficient under *Buckhannon* to render the Plaintiffs a prevailing party because Plaintiffs have not been awarded relief through an enforceable judgment on the merits or through a court-ordered consent decree.[3]

This Court regards highly the able representation of Plaintiffs' counsel. Plaintiffs' motion for judgment on the agency record may well have been the catalyst for the DOL's determination that Plaintiffs were eligible to apply for adjustment assistance. However, this Court's remand

---

[3]Plaintiffs rely heavily upon *Brickwood Contractors, Inc. v. United States*, 49 Fed.Cl. 738, 746-747 (Fed. Cl. 2001), in which the United States Court of Federal Claims argued that *Buckhannon* should not apply to the EAJA because, unlike the statutes listed by the United States Supreme Court in that decision, the EAJA requires a decision on the merits of the underlying lawsuit as to whether the government's position was substantially justified. The Court of Claims acknowledged, however, that a decision on the merits is not required to determine "prevailing party" status. *See Brickwood*, 49 Fed.Cl at 747. Because the EAJA shares the same "prevailing party" requirement as the statutes listed in *Buckhannon*, this Court is guided by the Supreme Court's interpretation of that term. "Although the United States Supreme Court did not mention attorney fees under the EAJA in *Buckhannon*, it strongly insisted a court respect ordinary language in its interpretation of the term 'prevailing party.'" *Alcocer v. Immigration and Naturalization Service*, 2001 WL 1142807, *3 (N.D. Tex.).

order did not constitute a judicially sanctioned change in the parties' legal relationship, for it was uncertain at the time what the DOL would ultimately determine. *See Former Employees of Shaw Pipe, Inc. v. United States Secretary of Labor*, 9 F.Supp.2d 713, 715 (Ct. Int'l Trade 1998).[4] Despite the positive results secured by Plaintiffs' counsel's efforts, the Court cannot here award attorney fees under the EAJA.

**CONCLUSION**

Based on the reasoning above, this Court denies Plaintiffs' application for attorney fees and other costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

_____
Gregory W. Carman, Chief Judge

Dated: _____, 2001
New York, New York

---

[4]Plaintiffs' reliance upon *Hudson v. Principi*, 260 F.3d 1357 (Fed. Cir. 2001) is misplaced. There the Court of Appeals for the Federal Circuit did not examine whether a remand by the Court of Appeals for Veterans Claims (CAVC) rendered the plaintiff a prevailing party but simply acknowledged the parties' agreement that this was so. *Hudson* revolved around the failure of the Court of Appeals for Veterans Claims even to consider the plaintiff's EAJA application due to a mistaken finding of lack of jurisdiction. *See Hudson*, 260 F.3d at 1362, 1364.