benefits case. Thus, this third argument lacks merit.

 After considering the arguments made by the parties and the rationale employed by our sister courts, this court rejects the inevitable victory theory as a basis to attain "prevailing party" status under EAJA. The bright line reasoning of the Supreme Court in *Buckhannon* shows that the majority of our sister circuits are correct in rejecting this basis to attain "prevailing party" status.

This holding is compatible with that of *Former Employees of Motorola Ceramic Products v. United States,* No. 02–1223, also issued today. Although that holding was not unanimous, as explained therein, the facts of these cases are readily distinguishable at the point at which their holdings diverge. Thus, for both Vaughn and Sumner, their request for attorney fees is for an intermediate event that did not involve a merit determination, in Vaughn's case a change in law and in Sumner's case the discovery of new evidence. In both cases the government agreed to a remand to the Board, and the remands have not resulted in a decision on the merits of their claims. In neither case did the Veterans' Court suggest that these new events might change the result; the Vaughn and Sumner requests for attorney fees are founded solely on the remand for further proceedings without a determination of error.

In contrast, in *Former Employees* the remand for further proceedings was made upon agency recognition that it had taken an incorrect position on the merits; there was a stipulated remand, followed by further proceedings and an award of the benefits that the plaintiffs had been seeking. With the successful outcome of the further proceedings, these plaintiffs were prevailing parties.

## CONCLUSION

For the foregoing reasons, this court affirms the Veterans' Court holdings that appellants are not "prevailing parties" under EAJA.

## COSTS

Each party shall bear its own costs.

*AFFIRMED.*

---

## FORMER EMPLOYEES OF MOTOROLA CERAMIC PRODUCTS, Plaintiffs–Appellants,

v.

## UNITED STATES, Defendant–Appellee.

### No. 02–1223.

United States Court of Appeals, Federal Circuit.

July 24, 2003.

Munford Page Hall, II, Dorsey & Whitney LLP, of Washington, DC, argued for plaintiffs-appellants. With him on the brief was Linda B. Popejoy.

Claudia Burke, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Robert D. McCallum, Jr., Associate Attorney General; David M. Cohen, Director; and Lucius B. Lau, Assistant Director.

Before CLEVENGER, RADER, and DYK, Circuit Judges.

Opinion of the court filed by Circuit Judge DYK; Dissenting opinion filed by CircuitJudge RADER.

DYK, Circuit Judge.

James Barney and Michael Hanseman ("appellants") appeal the Court of International Trade's decision denying them attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the ground that they were not "prevailing parties." We hold that parties who secure a consent order remanding a proceeding to an administrative agency because of an alleged error on the merits (where the court also retains jurisdiction) are "prevailing parties" under EAJA if they succeed on the merits in the remand proceeding. We accordingly vacate the contrary decision of the Court of International Trade and remand for further proceedings consistent with this opinion.

## BACKGROUND

In early 1999, pursuant to a force reduction, James Barney and Michael Hanseman were dismissed by their employer, Motorola, from their jobs at an Albuquerque, New Mexico, plant that produced ceramic filters. They applied to the Department of Labor ("Department") for Worker Adjustment Assistance under the Trade Act of 1974, as amended by the Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418 § 1421, 102 Stat. 1107 (codified at 19 U.S.C. § 2272 (2000)), which makes workers who lose their jobs due to "increases of imports of articles like or directly competitive with articles produced by" the affected workers eligible for adjustment assistance benefits. 19 U.S.C. § 2272(a)(3) (2000). The appellants' applications were both denied on the ground that their job loss was not due to competition from imports, and they separately requested reconsideration. Their requests for reconsideration were granted, but again their applications were denied, this time on the ground that the ceramic filters were not directly competitive with the imported product.

The appellants, on behalf of all similarly affected workers at the Albuquerque plant, filed suit in the Court of International Trade, which has jurisdiction to review decisions denying Worker Adjustment Assistance. If the Court of International Trade finds that such a decision is not supported by "substantial evidence," it may remand to the Department "to take further evidence," or it may set aside the determination, in whole or in part. 19 U.S.C. § 2395(b)-(c) (2000), *amended by* Trade Act of 2002, Pub.L. No. 107–210 §§ 123(b)(4), 142(a)(1), 11 Sat. 944, 953 (2002). The Court of International Trade also has the authority under the Administrative Procedure Act to set aside the decision as contrary to law or arbitrary and capricious. 5 U.S.C § 706(2)(A) (2000); *see also* 28 U.S.C. § 2631(i) (conferring jurisdiction).

The appellants' cases were consolidated, and they moved for judgment on the agency record, requesting that the Court of International Trade certify them for Worker Adjustment Assistance benefits, or, in the alternative, remand to the Department for reconsideration. The appellants argued that the Department's denial was not supported by substantial evidence; that the investigation was inadequate; and that the decision was not in accordance with law. The Department did not oppose the remand but instead consented to the appellants' request for a remand and "respectfully request[ed] that the case be remanded to the Department of Labor for reconsideration." (Def.'s Resp. at 1.) "After review of the arguments contained in the brief in support of plaintiffs' motion for judgment upon the agency record," the government said in its response, "the Department has concluded that a reconsideration of the negative determination is appropriate." *Id.* The Court of International Trade ordered

> that the defendant's consent motion is granted and the case is remanded to the Department of Labor for reconsideration . . .
>
> [and] that the Department of Labor will file the results of the reconsideration within sixty days from the date of entry of this order.

*Former Employees of Motorola Ceramic Prods. v. United States*, No. 99–07–00393, slip op. at 1 (Ct. Int'l. Trade Jan. 19, 2001) ("Remand Order"). It did not enter a judgment and retained jurisdiction. *Id.* The parties thus agreed that the Department had erred in its action on the applications. This agreement was memorialized in the consent order requiring reconsideration of the negative determination. By

consent, relief on the merits was thus awarded.

On remand, the Department stated that it had conducted a new investigation and obtained new information that, in its view, entitled all workers discharged at about the same time from the Albuquerque plant to adjustment assistance benefits. The Department then certified the appellants and all those similarly situated for adjustment assistance, thus awarding them the benefits they sought. By consent of both parties, the Court of International Trade then dismissed the case. *Former Employees of Motorola Ceramic Prods. v. United States*, Nos. 99–07–00393, 367 (Ct. Int'l Trade Aug. 7, 2001).

On September 6, 2001, the appellants sought attorney's fees under EAJA, which provides, in pertinent part:

> a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2000). EAJA defines "position of the United States" to include "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D) (2000). The Department opposed the fee request.

The Court of International Trade denied the appellants' application because it held that the appellants were not "prevailing parties." *Former Employees of Motorola Ceramic Prods. v. United States*, 176 F.Supp.2d 1370, 1371 (Ct. Int'l Trade 2001). It relied on *Buckhannon Board*

*and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), which it interpreted to limit prevailing party status to those who have been awarded "an enforceable judgment on the merits or through a court-ordered consent decree." *Id.* at 1373. The court concluded that the appellants in this case had obtained neither, and that they therefore could not be prevailing parties. *Id.* "Plaintiffs' motion for judgment on the agency record may well have been the catalyst for the [Department's] determination that Plaintiffs were eligible to apply for adjustment assistance," the Court of International Trade concluded. *Id.* "However, this Court's remand order did not constitute a judicially sanctioned change in the parties' legal relationship." *Id.*

The plaintiffs timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

## DISCUSSION

### I

The question whether the appellants are "prevailing part[ies]" under EAJA is an issue of law. We therefore review without deference the Court of International Trade's decision on this issue. *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1376 (Fed.Cir.2002).

In its recent decision in *Buckhannon*, the Supreme Court interpreted the phrase "prevailing party" in the fee-shifting provision of the Fair Housing Amendments Act of 1988, 42 U.S.C. 3613(c)(2), to exclude the so-called "catalyst" theory of recovery. 532 U.S. at 605, 121 S.Ct. 1835. Before *Buckhannon*, most circuits had interpreted "prevailing party" to include parties who "achieve[d] the desired result because the lawsuit brought about a voluntary change

in the defendant's conduct." *Id.* at 601, 121 S.Ct. 1835. The Court rejected the "catalyst" theory. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change," the Court held. *Id.* at 605, 121 S.Ct. 1835. The Court explained that the term "prevailing party" does not "authorize[ ] federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief." *Id.* at 606, 121 S.Ct. 1835. Rather, to be a prevailing party, one must "receive at least some relief on the merits," *id.* at 603, 121 S.Ct. 1835 (quoting *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)), which "alter[s] ... the legal relationship of the parties." *Id.* at 605, 121 S.Ct. 1835. Two examples of an alteration in the legal relationship between the parties were an enforceable judgment on the merits and a court-ordered consent decree. *Id.* at 605, 121 S.Ct. 1835.

The Supreme Court has interpreted the phrase "prevailing party" consistently in all federal fee-shifting statutes.[1] We have held that *Buckhannon* applies to EAJA. *Brickwood,* 288 F.3d at 1379. The question here, therefore, is whether the appellants in this case are prevailing parties.

## II

First we must determine whether a remand order to an administrative agency constitutes the securing of "some relief on

the merits." *Buckhannon,* 532 U.S. at 603, 121 S.Ct. 1835. The order here "remanded [the case] to the Department of Labor for reconsideration" and obligated the Department to "file the results of the reconsideration within sixty days from the date of entry of this order," thus retaining jurisdiction over the matter on the remand. Remand Order at 1.

In court proceedings within the federal system, a remand order, at least in most circumstances, does not constitute relief on the merits for the purposes of the fee-shifting statutes. This is clear from the Supreme Court's decisions in *Hewitt,* 482 U.S. at 759–60, 107 S.Ct. 2672, and *Hanrahan v. Hampton,* 446 U.S. 754, 758–59, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), which also interpreted the phrase "prevailing party."

In *Hewitt,* a district court had dismissed the plaintiff's claim against prison officials on the ground that his constitutional rights had not been violated. The court of appeals reversed, finding that the plaintiff's rights had indeed been violated, and remanded, directing the district court to enter judgment for the plaintiff unless it found that the defendant officials could establish an immunity defense. The district court found that the officials were indeed immune and granted them summary judgment. The Supreme Court held that the plaintiff was not a "prevailing party" because as a result of the remand order the plaintiff "obtained nothing from the defendants. The only 'relief' he received was the moral satisfaction of knowing that a federal court concluded that his

---

1. *Buckhannon,* 532 U.S. at 602, 121 S.Ct. 1835 ("Congress has authorized the award of attorney's fees to the 'prevailing party' in numerous statutes in addition to those at issue here."); *Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (interpretation of "prevailing party" in case involving Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.' "); *Brickwood,* 288 F.3d at 1377.

rights had been violated." *Hewitt*, 482 U.S. at 762, 107 S.Ct. 2672. Despite the remand order, the Court concluded, a "favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff does not suffice to render him a 'prevailing party.'" *Id.* at 763, 107 S.Ct. 2672.

In *Hanrahan*, the district court entered a directed verdict against the plaintiffs, who had sued various state officials for violation of their civil rights. The court of appeals reversed and remanded for a jury determination because it found that there was sufficient evidence to support a verdict for the plaintiffs. The Supreme Court held the plaintiffs were not prevailing parties because they had "not prevailed on the merits of any of their claims." *Hanrahan*, 446 U.S. at 758, 100 S.Ct. 1987. Even though the plaintiffs had obtained a remand order, that order did not guarantee that there would be any legal change in the relationship between the parties. "The jury may or may not decide some or all of the issues in favor of the respondents," the Court pointed out. *Id.* at 759, 100 S.Ct. 1987. "If the jury should not do so on remand in these cases, it could not seriously be contended that the respondents had prevailed." *Id.*[2]

Remands to administrative agencies are, however, different. The court proceeding is treated as a separate proceeding from the administrative proceeding, and a remand may constitute the securing of relief on the merits. The Supreme Court has addressed this issue in two cases that preceded *Buckhannon*, *Shalala v. Schaefer*,

509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). These cases did not purport to employ the "catalyst" theory, and *Buckhannon* made clear that no holding of the Court ever rested on that theory. 532 U.S. at 605, 121 S.Ct. 1835. The cases thus remain good law and are binding on this court.

In *Hudson*, a district court ordered a remand to the Secretary of Health and Human Services for reconsideration of a Social Security benefits claim, and retained jurisdiction. On remand the claimant was successful in obtaining benefits. The Supreme Court held that that claimant was a prevailing party because it succeeded before the agency after the remand. The Court explained that because there would be no final judgment until the case was decided on remand "for purposes of EAJA," the claimant's status as "prevailing party" was

> dependent on the successful completion of the remand proceedings before the Secretary. Moreover, the remanding court continues to retain jurisdiction over the action within the meaning of EAJA and may exercise that jurisdiction to determine if its legal instructions on remand have been followed by the Secretary.

*Hudson*, 490 U.S. at 877–88, 109 S.Ct. 2248. The Court therefore held that "where administrative proceedings are intimately tied to the resolution of judicial action and necessary to the attainment of

2. Our recent decision in *Brickwood*, although not involving a remand, falls into the same category. In that case, we denied attorney's fees to a party who had obtained a temporary restraining order (TRO) in a bid protest case before the Court of Federal Claims to prevent the government from converting an invitation for bids to a request for proposals. The gov-

ernment then voluntarily withdrew the request; the court thus never reached the merits of the plaintiff's suit. We held that the TRO was interim relief that did not effect a "court-ordered change in the legal relationship of the parties as *Buckhannon* requires." 288 F.3d at 1380.

the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded." *Id.* at 888, 109 S.Ct. 2248.

At issue in *Schaefer* was when a "final judgment" had been entered for the purposes of starting EAJA's 30–day time period for filing an attorneys' fees application. The district court had remanded the case for reconsideration by the Secretary of Health and Human Services but had not retained jurisdiction. When the district court retains jurisdiction, the Supreme Court held, the time period begins after the district court dismisses. *Schaefer,* 509 U.S. at 299, 113 S.Ct. 2625. When it does not retain jurisdiction, the time period begins to run with the remand order itself. *Id.* at 298, 113 S.Ct. 2625. The Court emphasized that when a district court "revers[es] the Secretary's denial of benefits" and remands without retaining jurisdiction, the claimant is a "prevailing party" for the purposes of EAJA because "the plaintiff has succeeded on a[ ] significant issue in litigation which achieved some of the benefit sought in bringing suit." *Id.* at 302, 113 S.Ct. 2625 (citation and internal punctuation omitted).

 We understand these cases to establish two principles. When there is a remand to the agency which remand grants relief on the merits sought by the plaintiff, and the trial court does not retain jurisdiction, the securing of the remand order is itself success on the merits. When there is such a remand, and the trial court retains jurisdiction, the claimant is a prevailing party only if it succeeds before the agency. As the Court later summarized it, "*Hudson* thus stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of ad-

ministrative proceedings, a claimant may collect EAJA fees for work done at the administrative level." *Melkonyan v. Sullivan,* 501 U.S. 89, 97, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The Supreme Court has thus sharply distinguished between remands within the federal court system (which generally do not confer prevailing party status) and remands to administrative agencies (which may confer prevailing party status).

 We do not hold that every remand constitutes a grant of relief on the merits. For example, we hold today that a remand to an administrative agency to consider the effects of legislation enacted while the case was on appeal does not constitute securing relief on the merits. *Vaughn v. Principi,* No. 02–7019, slip op. 336 F.3d 1351, 1355 (Fed.Cir. July. 24, 2003). So too we hold that a remand for consideration of new evidence discovered for the first time while the case was on appeal is not relief on the merits. *Id.* But where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction.

The District of Columbia Circuit has concluded that *Hudson* is a rule of general application. In *Environmental Defense Fund, Inc. v. Reilly,* 1 F.3d 1254, 1257 (D.C.Cir.1993), the court held that a remand to the Environmental Protection Agency for further rulemaking constituted success on the merits and made the moving parties prevailing parties for the purposes of EAJA. In *Peterson v. Continental Casualty Co.,* 282 F.3d 112, 122 (2d Cir. 2002), the Second Circuit held that plain-

tiffs were prevailing parties when they succeeded after a court-ordered remand to an ERISA plan administrator with retention of jurisdiction. *Id.* at 122. *See also Hudson v. Principi,* 260 F.3d 1357, 1362 (Fed.Cir.2001) (assuming that securing a remand with retention of jurisdiction made plaintiff a prevailing party under EAJA); *Perlman v. Swiss Bank Comprehensive Disability,* 195 F.3d 975, 979–80 (7th Cir. 1999) (applying finality rule from the Supreme Court's *Hudson* decision); *Stillwell v. Brown,* 6 Vet.App. 291, 299 (1994) ("[T]he only fair reading of the language and import of the *Schaefer* decision compels the conclusion that it applies whenever judgment is entered as a consequence of judicial remand, at least where the remand is to an administrative agency.").

The case before us falls into the second category: a remand granting the party relief on the merits with retention of jurisdiction, which creates a prevailing party only if the party obtains the benefits it sought before the agency. In this case, the Court of International Trade retained jurisdiction during the remand, and the remand order resulted in appellants' prevailing before the agency. The appellants therefore qualify as prevailing parties, unless the consent nature of the order deprives them of that status. We hold that it does not.

### III

The consent nature of the remand order does not deprive appellants of prevailing party status. The Supreme Court in *Buckhannon* itself made clear that court-ordered consent decrees, if favorable to one side, confer prevailing party status. *Buckhannon,* 532 U.S. at 604, 121 S.Ct. 1835. "Although a consent decree does not always include an admission of liability by the defendant," the Court said, "it nonetheless is a court-ordered change in the legal relationship between the plaintiff and the defendant." *Id.* (citations and internal punctuation omitted); *see also Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). As the Court explained in an earlier case, "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).

Indeed, the Supreme Court's decision in *Melkonyan* is directly on point. A claimant was denied Social Security benefits by the Secretary; appealed the denial to the appropriate district court; and moved for summary judgment. The Secretary cross-filed for summary judgment. While the summary judgment motions were pending, the Secretary urged that the case be remanded to the agency. The district court granted a joint motion for remand, ordering that "[d]efendant's motion to remand, concurred in by plaintiff, is granted. The matter is remanded to the Secretary for all further proceedings." *Melkonyan,* 501 U.S. at 92, 111 S.Ct. 2157 (internal citation omitted). On remand to the agency, the claimant obtained "all the relief he had initially requested." *Id.* The claimant then applied for attorney's fees under EAJA. In remanding for clarification of the district court order, the Supreme Court ruled that if the district court had intended to retain jurisdiction, the claimant was a prevailing party for the purposes of EAJA. "If petitioner is correct that the court remanded the case" and retained jurisdiction, the Court held, "the Secretary must return to the District Court, at which time the court will enter a final judgment. Petitioner will be entitled to EAJA fees unless the Secretary's initial position was substantially justified." *Id.* at 102, 111 S.Ct. 2157. Like-

wise, in *Environmental Defense Fund,* the District of Columbia Circuit held that when the EPA filed a joint motion with a plaintiff for a remand to comply with notice and comment requirements which the plaintiff had alleged the EPA had violated, the plaintiff was a prevailing party under EAJA. 1 F.3d at 1256–57. Thus, a consent remand is to be treated the same way as a contested remand. The same prevailing party rules apply.

Having secured a remand on the merits with retention of jurisdiction by the Court of International Trade and then having prevailed on remand, appellants are therefore prevailing parties for the purposes of EAJA. If the Court of International Trade finds on remand that the Department's position was not substantially justified, appellants are entitled to attorney's fees.[3]

## CONCLUSION

For the foregoing reasons, we vacate the Court of International Trade's finding that the appellants are not prevailing parties and remand for further proceedings consistent with this opinion.

*VACATED AND REMANDED.*

## COSTS

No costs.

**3.** *Appellants request that we award attorneys' fees for this appeal. It is, of course, established that fees incurred in litigating fee requests may themselves be awardable under EAJA. Commissioner, Immigration & Naturalization Serv. v. Jean, 496 U.S. 154, 161, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (a "fee award presumptively encompasses all aspects of the civil action," including appeals over fees); Fritz v. Principi, 264 F.3d 1372, 1376–77 (Fed.Cir.2001). Such an award is not now appropriate because, at this stage, appellants have not established their right to the under-*

RADER, Circuit Judge, dissenting.

The United States Court of International Trade remanded this case for further adjudication without reaching the merits. Nonetheless, Judges Clevenger and Dyk would endow the remandees with the laurels of victory and grant them the attorney fees spoils after their prevailing legal conquest. Because anointing these remandees as "prevailing parties" also defies the Supreme Court's holdings in *Buckhannon, Hudson,* and *Schaefer,* I dissent.

In *Buckhannon,* the Supreme Court set the standard for a party to prevail. Judges Clevenger and Dyk conclude that *Buckhannon's* language about "some relief on the merits" permits a party who has done no more than secure a procedural remand to qualify as a "prevailing party." *Buckhannon* does not, however, hold that a party prevails merely by securing "some relief on the merits." *Buckhannon* states that a party that has won a *judgment* secures some relief on the merits "regardless of the amount of damages." *Buckhannon,* 532 U.S. at 603, 121 S.Ct. 1835. The Court elaborates that "even an award of nominal damages" is some relief on the merits sufficient to allow prevailing party status. *Id.* Therefore, securing "some relief on the merits" affords prevailing party status when that relief is a judgment on the merits including damages, regardless of the amount.

*lying fees, only that they are prevailing parties; fees could still be denied if the Court of International Trade finds that government's position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (2000). Moreover, such a request should be addressed in the first instance to the Court of International Trade, as there has not yet been a final determination on the merits. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988).*

*Buckhannon* delineates those legal victories that warrant an award of attorney fees. According to the Supreme Court, judgments on the merits and settlement agreements enforced by a consent decree entitle a party to claim the rewards of prevailing. *Id.* at 603–04, 121 S.Ct. 1835. An interlocutory ruling that reverses a dismissal for failure to state a claim, for example, and legal victories based on the catalyst theory do not permit prevailing party status. *Id.* at 605, 121 S.Ct. 1835. Here, a remand to an agency for reconsideration is far from a judgment on the merits or consent decree and more akin to an interlocutory ruling that reverses a dismissal for failure to state a claim. Moreover, because the Department of Labor requested the remand, the most that the remandees can claim is that their appeal brought about a voluntary change in the agency's conduct. In other words, the remandees claim prevailing party status based on the same catalyst theory overruled in *Buckhannon.*

With *Buckhannon* a formidable obstacle to fees, Judges Clevenger and Dyk reach out to *Hudson* and *Schaefer* for the proposition that a remand to an administrative agency constitutes some relief on the merits. *Hudson* and *Schaefer* address remands under sentence four and sentence six of the Social Security Act, 42 U.S.C. § 405(g) (2000). A sentence four remand requires a judgment to accompany the remand order. A sentence six remand requires that the district court retain jurisdiction and that the party return to the district court after the post remand proceedings to allow the district court to enter a final judgment. Thus, both sentence four and sentence six remands permit prevailing party status, not because the remand is securing some vague relief on the merits, but because the remand includes a judgment on the merits consistent with *Buckhannon.* The statutory language it-self requires a judgment on the merits to accompany any remand in the "unusual" setting of the Social Security Act. *Hudson,* 490 U.S. at 885, 109 S.Ct. 2248 (The SSA statute suggests "a degree of direct interaction between a federal court and an administrative agency *alien to traditional review* of agency action under the Administrative Procedure Act.") (emphasis added). Thus, a remand in this unusual statutory framework includes a judgment and fits within the *Buckhannon* rule for prevailing party status.

EAJA permits "a prevailing party" to recoup attorney fees incurred "in a civil action." 28 U.S.C. § 2412(d)(2)(B) (2002). Remandees in the present case, however, did not prevail in a civil litigation. After remand, the Department awarded remandees the certification they sought. Remandees then filed an Order of Dismissal. The district court granted the order without hearing the merits, reaching a conclusion, or entering a judgment. Remandees, therefore, did not prevail in a civil litigation.

Although Judges Clevenger and Dyk rely on the Supreme Court's Social Security cases, those same cases recognized that a remand absent a judgment in a civil litigation does not afford prevailing party status. In *Melkonyan v. Sullivan,* 501 U.S. 89, 94, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Court stated that the petitioner would be entitled to attorney fees if the Secretary returned to the district court after a sentence six remand to allow the district court to enter final judgment. The Court noted, however, that

[l]f the court's order was, in effect, a dismissal under Rule 41(a), the District Court's jurisdiction over the case would have ended at that point, and petitioner would not have been a prevailing party "in [a] civil action." 28 U.S.C.

§ 2412(d)(1)(A). Under those circumstances, the Secretary would not return to the District Court and petitioner would not be eligible to receive EAJA fees.

*Melkonyan,* 501 U.S. at 95, 111 S.Ct. 2157. Because present remandees dismissed their case, they did not prevail in a civil litigation.