Slip Op. 04-137

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                    :
PACIFIC CIGAR, CO.,                 :
                                    :
            Plaintiff,              :        **PUBLIC VERSION**
                                    :
      v.                            :
                                    :        Before:  WALLACH, Judge
UNITED STATES,                      :        Court No.: 04-00130
                                    :
            Defendant.              :
_____:


[Plaintiff's Application For Fees and Other Expenses Pursuant to the Equal Access to Justice Act is denied.]


                                             Decided: November 10, 2004


Hodes Keating & Pilon, (Michael Hodes and Lawrence R. Pilon), for Plaintiff Pacific Cigar Co.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Jeanne E. Davidson, Deputy Director; David S. Silverbrand, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, for Defendant United States.


**OPINION**

**WALLACH, Judge:**


**I**
**Introduction**

This matter is before the court on Plaintiff's Application For Fees and Other Expenses

Pursuant To The Equal Access To Justice Act ("Plaintiff's Application").  Plaintiff Pacific Cigar,

1

Co. ("Pacific") moves for attorney's fees and expenses following a stipulated order of dismissal.

The court has jurisdiction pursuant to 28 U.S.C. § 1581(h) (2004).

## II
## Background

This is a Pre-Importation Ruling matter under 28 U.S.C. § 1581(h) involving Pacific,

which imports cigars from the Philippines and the Dominican Republic.

On July 29, 2003, the Bureau of Customs and Border Protection ("CBP" or "Customs")

seized a shipment of Pacific's merchandise alleging that the goods were marked with a logo

consisting of the Great Seal of the United States or the Presidential Seal, thus violating 18 U.S.C.

§ 713(a)-(b) (2003).[1]  Pacific brought this case challenging two related CBP rulings, HQ 475073

---

[1] Pursuant to 18 U.S.C. § 713(a)-(b),

> (a) Whoever knowingly displays any printed or other likeness of the great seal of the United States, or of the seals of the President or the Vice President of the United States, or the seal of the United States Senate, or the seal of the United States House of Representatives, or the seal of the United States Congress, or any facsimile thereof, in, or in connection with, any advertisement, poster, circular, book, pamphlet, or other publication, public meeting, play, motion picture, telecast, or other production, or on any building, monument, or stationery, for the purpose of conveying, or in a manner reasonably calculated to convey, a false impression of sponsorship or approval by the Government of the United States or by any department, agency, or instrumentality thereof, shall be fined under this title or imprisoned not more than six months, or both.

> (b) Whoever, except as authorized under regulations promulgated by the President and published in the Federal Register, knowingly manufactures, reproduces, sells, or purchases for resale, either separately or appended to any article manufactured or sold, any likeness of the seals of the President or Vice President, or any substantial part thereof, except for manufacture or sale of the article for the official use of the Government of the United States, shall be fined under this title or imprisoned not more than six months, or both.

issued on January 12, 2004, and HQ 475468 issued on March 9, 2004, claiming that the rulings were arbitrary, capricious, and contrary to law.

On March 19, 2004, Plaintiff filed its Summons and Complaint along with a Motion to Accelerate Compliance with CIT Rule 73.3(a), to Shorten Defendant's Response Time under CIT Rule 12(a) and to Grant Precedence under CIT Rule 3(g)(6) ("Plaintiff's Motion"). The parties signed a Settlement Agreement, which took effect on May 11, 2004,[2] in which CBP agreed, *inter alia*, to withdraw Ruling Letters HQ 475073 and HQ 475468.[3] On May 14, 2004, Plaintiff, on consent, filed a proposed Order of Dismissal pursuant to USCIT Rule 41(a)(2). On May 25, 2004, the court signed Plaintiff's proposed Order of Dismissal, granting Plaintiff leave to withdraw its pending Motion to Accelerate and dismissing the action.

On June 22, 2004, Plaintiff filed an Application under the Equal Access to Justice Act ("EAJA") in which it claimed that it was a "prevailing party," pursuant to 28 U.S.C. § 2412(d)(1)(B) (2004). In its Opposition to Plaintiff's Application for Fees and Other Expenses

---

[2] In the Ruling Letter HQ 476090, CBP stated that the Settlement Agreement took effect on May 11, 2004. In Plaintiff's Application at 1, the Plaintiff stated that the Defendant entered into the Settlement Agreement on May 10, 2004. The Settlement Agreement at Paragraph IX itself states that "[t]he Effective Date of this Settlement Agreement is the date of counsel for Pacific's receipt of a fully-executed copy of this Settlement Agreement." The effective date of the Settlement Agreement was prior to the Order of Dismissal.

[3] The Settlement Agreement, Exhibit 1 to Plaintiff's Application, entails no admission of liability nor any fee allocation. The Settlement Agreement states that it is "in full satisfaction of any and all claims, demands, and obligations of every kind with respect to the subject matter of the Action, and without admission of liability by either party . . . ." Settlement Agreement at 1. Furthermore, it provides that "[n]otwithstanding any other provision in this Agreement to the contrary, the parties agree that Pacific is preserving its right to apply to the court for an award of fees, costs and expenses under the EAJA, 28 U.S.C. § 2412. The parties neither admit nor deny that Pacific qualifies or is otherwise entitled to any such award." Id. at 3.

Pursuant to the Equal Access to Justice Act ("Defendant's Opposition") on July 22, 2004, Defendant argued that Plaintiff failed to establish that it was a prevailing party. Defendant's argument centers on the Supreme Court's rejection of the catalyst theory of recovery[4] as explained in Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). Defendant argues in the alternative that if the court grants Plaintiff's EAJA application, it should reduce the amount of attorney's fees and expenses as unreasonably overstated and excessive. On August 23, 2004, Plaintiff filed its Reply to Defendant's Response to Plaintiff's Application for Fees and Other Expenses Pursuant to the Equal Access to Justice Act ("Plaintiff's Reply"), arguing that its application was based not on the catalyst theory, but on the argument that "the totality of the circumstances brings Plaintiff's EAJA claim within the 'consent decree' type of resolution. . . ." Plaintiff's Reply at 3-4.

### III
### Plaintiff's Claim Does Not Merit Attorney's Fees Under EAJA

The EAJA states that fees and expenses must be awarded if "(1) the claimant is a prevailing party; (2) the government's position during the administrative process or during litigation was not substantially justified; (3) no special circumstances make an award unjust; and (4) the fee application is timely and supported by an itemized fee statement." Former Emples. of Tyco Elecs., Fiber Optics Div. v. United States, Slip Op. 04-118 at 14-15, 2004 Ct. Int'l Trade

---

[4] Under the catalyst theory a party can be deemed "prevailing" whenever the lawsuit brings about the desired change in the defendant's conduct, even if the defendant's conduct is voluntary, and the suit is dismissed as moot.

LEXIS 116 (Sept. 16, 2004) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).[5]  Defendant has not claimed

that the CBP's position was substantially justified, no special circumstances have been brought to

the court's attention, and Plaintiff's Application was timely filed and adequately supported.

Thus, the only issue currently before the court is whether Plaintiff is entitled to be considered a

"prevailing party" for purposes of the EAJA.

Plaintiff states that it was a "prevailing party," for purposes of 28 U.S.C. § 2412(d)(1)(B),

in that it achieved the objective it sought when it commenced this litigation. Plaintiff's

Application at 1.  Specifically, Plaintiff claims that the rulings which it argued in its complaint

were "null and void" and "could not be enforced" have now been withdrawn pursuant to the

---

[5] The EAJA, 28 U.S.C. § 2412(d)(1)(A)-(B), states that:

> (A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

> (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Settlement Agreement. Id.  Plaintiff states that "[t]he Court . . . dismissed this case pursuant to CIT Rule 41(a)(2) after it was informed of the settlement." Id.  In its Reply, Plaintiff argues that, although it would clearly be a prevailing party under the discredited catalyst theory, its application was based not on the catalyst theory, but rather on "the totality of the circumstances bring[ing] Plaintiff's EAJA claim within the 'consent decree' type of resolution . . . ." Plaintiff's Reply at 3-4.  Plaintiff states that "the particular facts and circumstances of this case: the nature and language of the order of dismissal, the settlement agreement and the procedures *required* to implement the settlement, bring the Plaintiff's EAJA claim within the 'consent decree' category of cases for which EAJA awards are permitted." Id. at 5 (emphasis in original).  Plaintiff argues that because the Order of Dismissal refers to the Settlement Agreement and includes a key provision of it, it constitutes a consent decree, bestowing the requisite "judicial imprimatur" on the settlement. Id. (quoting Buckhannon, 532 U.S. at 605).  Plaintiff further reasons that because the Order of Dismissal implicitly requires remand back to Customs to enforce the Settlement, the court retains ancillary jurisdiction to enforce the settlement if necessary. Id.  Plaintiff also finds significance in Customs' memorandum withdrawing the ruling letters, wherein Customs takes notice of the CIT case.  Plaintiff thus concludes that retention of jurisdiction, together with the language of the Order of Dismissal, provide the requisite "judicial imprimatur" required under Buckhannon to establish Plaintiff as a prevailing party. Id.

Defendant responds in its Opposition that Plaintiff failed to establish that it was a prevailing party.  Defendant suggests that its stipulation to dismiss, although accomplishing what Plaintiff sought, represented a voluntary change in conduct, which lacks the necessary "judicial imprimatur" to rise to the level of a judicially sanctioned change in the legal relationship of the

6

parties. Defendant's Opposition at 3-4. Defendant claims that Plaintiff relies on a dismissal order which "does not constitute the 'court-ordered change in the legal relationship of the parties' expressly required by [Brickwood Contrs., Inc. v. United States, 288 F.3d 1371, 1380 (2002), *cert. denied*, 537 U.S. 1106, 123 S. Ct. 871, 154 L. Ed. 2d 775 (2003)], because Customs is not required to take any specific action pursuant to the Court's order of dismissal. Any actions which Customs agreed to in a settlement agreement are independent of the Court's order and not part of the record of these proceedings." Defendant's Opposition at 6 (emphasis in original). Defendant thus argues that because the Supreme Court's rejection of the catalyst theory has been found to apply to EAJA claims, Plaintiff's application for fees must be denied. Id. at 4 (citing Brickwood, 288 F.3d. at 1380).

The Supreme Court has stated that the phrase "prevailing party" does not "[authorize] federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief." Buckhannon, 532 U.S. at 606. To be a prevailing party the party must "receive at least some relief on the merits," which "[alters] . . . the legal relationship of the parties." Former Emples. of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1364 (Fed. Cir. 2003) (quoting Buckhannon, 532 U.S. at 603-06). In Buckhannon, the Court provided two examples of such an alteration in the legal relationship between the parties: an enforceable judgment on the merits and a court-ordered consent decree. 532 U.S. at 605. **"A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." Id. (emphasis in original). The Court further stated that "[a]lthough a consent decree

does not always include an admission of liability by the defendant, . . . it nonetheless is a court-ordered 'change [in] the legal relationship between [the plaintiff] and the defendant.'" Id. at 604 (citing Texas State Teachers Assn. v. Garland Indep. School Dist., 489 U.S. 782, 792, 109 S. Ct. 1486 103 L. Ed. 2d 866 (1989)).  However, the Court specified that a party who benefits from a settlement may be considered a prevailing party for purposes of obtaining attorney's fees if the settlement is "enforced through a consent decree" or where "the terms of the agreement are incorporated into the order of dismissal."[6] Id.

Plaintiff here is not entitled to "prevailing party" status under the EAJA.  The Order of Dismissal states:

> "[t]he Court having been informed by the parties that they have entered into a written settlement agreement, the key provision of which is the agreement of the Defendant to withdraw the rulings which are the subject of this action, and the parties further desiring that this matter be dismissed pursuant to order entered under CIT Rule 41(a)(2), it is hereby . . . ordered that this action is dismissed."[7]

Plaintiff finds legal significance in the Court's reference to the settlement agreement and its key

---

[6] The Court took pains to distinguish private settlements from consent decrees, specifically that "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees.  And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal." Buckhannon, 532 U.S. at 604, n.7 (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

[7] Pursuant to USCIT Rule 41(a)(2),

(a) Voluntary Dismissal; Effect Thereof.

(2) By order of Court.  Except as provided in paragraph (1) of this subdivision (a), an action shall not be dismissed by the plaintiff unless upon order of the court, and upon such terms and conditions as the court deems proper . . . .Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

provision. The question before the court is whether this language rises to the level of a

settlement agreement enforced through a consent decree, pursuant to Buckhannon. It does not.

On the date the Order of Dismissal was issued, the court had taken no notice of the terms

of the Settlement Agreement beyond noting in the Order of Dismissal -- using language

submitted by the parties -- that the parties had informed the court of the Settlement's existence

and that the Settlement required Defendant to withdraw certain rulings. No copy of the

Settlement Agreement was filed with the court with the proposed Order of Dismissal, nor was the

court informed in any fashion other than the language of the proposed order. In fact, only upon

making its application for fees did Plaintiff provide a copy of the Settlement Agreement as an

attachment to its Application. Thus any language in, or procedures arising from, the Settlement

are not relevant to determining whether Plaintiff prevailed.

Plaintiff finds significance in the fact that the Order of Dismissal was issued pursuant to

USCIT Rule 41(a)(2). The rule states that "an action shall not be dismissed by the plaintiff

unless upon order of the court, and upon such terms and conditions as the court deems proper."

USCIT Rule 41(a)(2). The court in this case has set no terms or conditions, nor was it asked to

consider any. The Order of Dismissal stipulates only that Plaintiff is granted leave to withdraw

its motion and that the case is dismissed. Thus, the Order of Dismissal does not provide for

oversight of the Settlement Agreement by the court, or for enforcement of its terms.

Plaintiff argues that the facts and circumstances of the instant case fall within the 'consent

decree' category of cases. The court finds that the facts more closely mirror the circumstances

described by the Supreme Court in rejecting the catalyst theory in Buckhannon: any actions on

the part of the Defendant were taken voluntarily and not as a result of any rulings or orders by the

9

court. There has been no relief granted on the merits to alter the legal relationship of the parties. Thus, the Plaintiff cannot be considered a prevailing party in this action and fails to meet the first requirement for fees under the EAJA.

**IV**
**Conclusion**

For the foregoing reasons, Plaintiff's Application is denied.

_____/s/ Evan J. Wallach_____
Evan J. Wallach, Judge

Dated: November 10, 2004
New York, New York

10