Slip Op. 06-93

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
:
FORMER EMPLOYEES OF IBM       :
CORPORATION, GLOBAL SERVICES  :
DIVISION,                         :
                                    :
          Plaintiffs,        :       Before: Judith M. Barzilay, Judge
                             :       Court No. 03-00656
      v.                     :
                             :
UNITED STATES SECRETARY OF   :
LABOR,                          :
                             :
          Defendants.     :
_____:

**JUDGMENT**

On November 13, 2002, and December 16, 2002, Former Employees of IBM

Corporation, Global Services Division ("Plaintiffs"), in Piscataway and Middleton, N.J.,

respectively filed petitions with the Department of Labor ("Labor" or "Defendant") for trade

adjustment assistance ("TAA") benefits. Labor denied Plaintiffs' petition on March 23, 2003,

because the facilities where Plaintiffs worked did not produce "an article" within the meaning of

19 U.S.C. § 2272(a) (2000). *See Notice of Determinations Regarding Eligibility to Apply for*

*Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance*, 68 Fed. Reg.

16,833-01 (Dep't of Labor Apr. 7, 2003). In the subsequent administrative redetermination

initiated by Plaintiffs, Labor affirmed its decision. *See IBM Corporation, Global Services*

*Division, Piscataway, N.J., and IBM Corporation, Global Services Division, Middletown, N.J.;*

*Notice of Negative Determination Regarding Application for Reconsideration*, 68 Fed. Reg.

41,845-02 (Dep't of Labor July 15, 2003) ("*Reconsideration Determination*"). Defendant

concluded that "software and associated information technology services are not listed in the HTSUS" and that the products Plaintiffs produced "are not the type of employment work products that Customs officials inspect and that the TAA program was generally designed to address," as software and information system development and testing constituted services rather than production of an article. *Id.* at 41,845-46. Plaintiffs then brought their case before this Court.

On August 1, 2005, the court found Labor's *Reconsideration Determination* "not supported by substantial evidence" and remanded it for further review. *Former Employees of IBM Corp., Global Serv. Div. v. U.S. Sec'y of Labor*, 29 CIT __, __, 387 F. Supp. 2d 1346, 1348 (2005). Specifically, the court ordered Labor to supplement its inadequate record "by further investigating the nature of the software produced by Plaintiffs" and to "explain the differences between the activities performed by Plaintiffs in this case and the activities performed by other petitioners involved in developing computer software who received TAA benefits in the past." *Id.* at 1353. On remand, Labor again denied Plaintiffs certification because Plaintiffs' work product did not constitute "an article" since it did not consist of a "tangible commodity." *IBM Corporation, Global Services Division, Piscataway, N.J.; IBM Corporation, Global Services Division, Middletown, N.J.; Notice of Negative Determination on Remand*, 70 Fed. Reg. 75,837-02, 75,839 (Dep't of Labor Dec. 21, 2005).

Soon after Plaintiffs filed their remand comments, this court granted Labor a voluntary remand so that Labor could reconcile its decision with recent changes in its TAA policy. In its revised remand results, Labor "determined that . . . [Plaintiffs] produce[d] an article (computer software)" and that "a significant portion of workers" at both New Jersey facilities in question lost their employment because "production shifted to an affiliated facility located in Canada."

*IBM Corporation, Global Services Division, Piscataway, N.J.; Middletown, N.J.; Notice of Revised Determination on Remand*, 71 Fed. Reg. 29,183-01, 29,183 (Dep't of Labor May 15, 2006). Consequently, Labor certified Plaintiffs as eligible for trade adjustment assistance. *See id.*

Upon consideration of Labor's May 15, 2006, remand determination, the court's prior opinion in this case, and other papers, it is hereby

ORDERED that Labor's decision to certify Plaintiffs[1] to receive TAA benefits is supported by substantial evidence and is otherwise in accordance with law; and it is further

ORDERED that Labor's May 15, 2006, *Notice of Revised Determination on Remand* is AFFIRMED in its entirety.


June 21, 2006                                          /s/ Judith M. Barzilay
Dated:_____         _____
New York, NY                                           Judith M. Barzilay, Judge

---

[1]Plaintiffs in this case do not include Barbara L. Pineau, Dick Young, or John F. Lake, as these parties were earlier dismissed for lack of subject matter jurisdiction because they had not exhausted their administrative remedies prior to bringing suit in this Court. *See Former Employees of IBM Corp., Global Serv. Div.*, 387 F. Supp. 2d at 1349.