Slip Op. 06-146

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                          :
FORMER EMPLOYEES OF IBM                   :
CORPORATION, GLOBAL SERVICES              :
DIVISION,                                 :
                                          :
             Plaintiffs,                  :        Before: Judith M. Barzilay, Judge
                                          :        Court No. 03-00656
      v.                                  :
                                          :
UNITED STATES SECRETARY OF                :
LABOR,                                    :
                                          :
             Defendant.                   :
_____:
```

MEMORANDUM ORDER

[Plaintiffs' application for attorney fees and other expenses pursuant to the Equal Access to Justice Act is denied.]

Decided: October 3, 2006

*Ivey, Smith & Ramirez*, *Michael G. Smith*, (*Jean-Claude Andre*) for Plaintiffs.

*Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, (*Patricia M. McCarthy*), Assistant Director, (*Michael D. Panzera*), Trial Attorney, *Michael F. Bahler*, Trial Attorney, U.S. Department of Justice, Commercial Litigation Branch, Civil Division; *Stephen Jones*, Office of the Solicitor, U.S. Department of Labor, of counsel, for Defendant.

**BARZILAY, Judge:** Plaintiffs, Former Employees of IBM Corporation, Global Services Division, have applied for attorney fees and other expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, following this court's affirmation of the Department of Labor's ("Labor" or "Agency") remand results in *Former Employees of IMB Corp., Global Servs. Div. v. U.S. Sec'y of Labor*, 30 CIT __, 435 F. Supp. 2d 1335 (2006) ("*IBM II*"). *See also IBM Corporation, Global Services Division, Piscataway, N.J.; Middletown, N.J.; Notice of*

*Revised Determination on Remand*, 71 Fed. Reg. 29,183-01 (Labor May 19, 2006) ("*Final*

*Determination*").  Although the court acknowledges and appreciates the high quality of counsel's

pro bono representation in this case, the law does not permit the award of attorney's fees.

Therefore, for the reasons stated below, Plaintiffs' EAJA application is denied.

## I. Procedural History

On March 23, 2003, Labor denied Plaintiffs' petitions for trade adjustment assistance

("TAA") benefits because the facilities where Plaintiffs worked did not produce "an article"

within the meaning of 19 U.S.C. § 2272(a) (2000).  *See Notice of Determinations Regarding*

*Eligibility to Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment*

*Assistance*, 68 Fed. Reg. 16,833-01 (Labor Apr. 7, 2003).  In the subsequent administrative

redetermination, Labor affirmed its decision.  *See IBM Corporation, Global Services Division,*

*Piscataway, N.J., and IBM Corporation, Global Services Division, Middletown, N.J.; Notice of*

*Negative Determination Regarding Application for Reconsideration*, 68 Fed. Reg. 41,845-02

(Labor July 15, 2003) ("*Reconsideration Determination*").  The Agency concluded that

"software and associated information technology services are not listed in the HTSUS" and that

the products Plaintiffs produced "are not the type of employment work products that Customs

officials inspect and that the TAA program was generally designed to address," as software and

information system development and testing constituted services rather than production of an

article.  *Id.* at 41,845-46.  Plaintiffs then brought their case before this Court.

On August 1, 2005, the court found Labor's *Reconsideration Determination* "not

supported by substantial evidence" and remanded it for further review.  *Former Employees of*

*IBM Corp., Global Servs. Div. v. U.S. Sec'y of Labor*, 29 CIT __, __, 387 F. Supp. 2d 1346,

1348 (2005) ("*IBM I*"). Specifically, the court ordered Labor to supplement its inadequate record "by further investigating the nature of the software produced by Plaintiffs" and to "explain the differences between the activities performed by Plaintiffs in this case and the activities performed by other petitioners involved in developing computer software who received TAA benefits in the past." *Id.* at 1353. On remand, Labor again denied Plaintiffs certification because Plaintiffs' work product did not constitute "an article" since it did not consist of a "tangible commodity." *IBM Corporation, Global Services Division, Piscataway, N.J.; IBM Corporation, Global Services Division, Middletown, N.J.; Notice of Negative Determination on Remand*, 70 Fed. Reg. 75,837-02, 75,839 (Labor Dec. 21, 2005) ("*Second Remand Determination*").

Soon after Plaintiffs filed their remand comments, Labor issued three administrative decisions that announced a change in the Agency's policy – namely that "there are tangible and intangible articles," that intangible articles can be distinguished from services, and that "[s]oftware and similar intangible goods that would have been considered articles for the purposes of the Trade Act if embodied in a physical medium [would] now be considered to be articles regardless of their method of transfer." *Computer Sciences Corporation, Financial Services Group, East Hartford, Connecticut; Notice of Revised Determination on Remand*, 71 Fed. Reg. 18,355-01, 18,355 (Labor Apr. 11, 2006); *accord Electronic Data Systems Corporation, I Solutions Center, Fairborn, Ohio; Notice of Revised Determination on Remand*, 71 Fed. Reg. 18,355-02, 18,356 (Labor Apr. 11, 2006); *Lands' End, A Subsidiary of Sears Roebuck and Company, Business Outfitters CAD Operations, Dodgeville, Wisconsin; Notice of Determination on Remand*, 71 Fed. Reg. 18,357-01, 18,357 (Labor Apr. 11, 2006).

In conjunction with this change in policy, Labor moved for, and this court granted, a voluntary remand so that the Agency could reconcile its decision with these changes in TAA policy.  In its revised remand results, Labor "determined that . . . [Plaintiffs] produce[d] an article (computer software)" and that "a significant portion of  workers" lost their employment because "production shifted to an affiliated facility located in Canada."  *Final Determination*, 71 Fed. Reg. at 29,183.  Consequently, Labor certified Plaintiffs as eligible for trade adjustment assistance.  *See id.*  This court then affirmed these results.  *See IMB II*, 435 F. Supp. 2d 1335.

Within thirty days of that judgment, Plaintiffs filed this application for attorney fees under the EAJA.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2412.

## II. Standard of Review

The Equal Access to Justice Act mandates that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Thus, to obtain attorney's fees under the Act, a moving party must fulfill four criteria: "(i) the claimant [must be] a 'prevailing party'; (ii) the government's position [must] not [have been] substantially justified; (iii) no 'special circumstances [must] make an award unjust'; and (iv) the fee application [must be] timely submitted and supported by an itemized statement."  *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003) (quoting 28 U.S.C. § 2412(d)(1)(A)-(B)).  If the movant cannot satisfy each criterion, its application must fail.

### III. Discussion

### A. "Prevailing Parties" Under the EAJA

According to the Supreme Court, a "prevailing party" for the purposes of fee-shifting statutes, such as the EAJA, must have obtained sought-after relief through either a "judgment[] on the merits" of its case or a "settlement agreement[] enforced through a consent decree," because an award of attorney fees requires a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & H.R.*, 532 U.S. 598, 604 (2001) ("*Buckhannon* ") (quotations & citations omitted); *accord Akers v. Nicholson*, 409 F.3d 1356, 1359 (Fed. Cir. 2005). Conversely, a party does not qualify as a prevailing party if it bases its claims for attorney fees on the "catalyst theory," *see Buckhannon*, 532 U.S. at 605, which contends that "a party 'prevails' because the lawsuit brought about a *voluntary* change in [the government's] conduct," *Akers*, 409 F.3d at 1358 (emphasis added). A "voluntary change in conduct, although perhaps accomplishing what the [moving party] sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605; *accord Pierce v. Underwood*, 487 U.S. 552, 568 (1988) (inferring that because voluntary settlement by government may stem from "change in substantive policy," it does not render movant a "prevailing party"); *Akers*, 409 F.3d at 1359; *Vaughn v. Principi*, 336 F.3d 1351, 1355-56 (Fed. Cir. 2003).

In cases arising from an administrative action, such as the one at bar, "where [the] administrative proceedings are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded." *Sullivan v.*

*Hudson*, 490 U.S. 877, 888 (1989).  Importantly, though, a court remand to an agency for further

administrative proceedings does not necessarily confer a party with prevailing party status.  *See*

*id.* at 886; *Akers*, 409 F.3d at 1359 (holding that remand alone does not qualify movant as

"prevailing party" because remand "provides only the opportunity for further adjudication")

(quotations omitted); *Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d

1360, 1364 (Fed. Cir. 2003) ("*Motorola*").  Instead,

> [w]hen there is a remand to the agency which remand grants relief on the merits
> sought by the plaintiff, and the trial court does not retain jurisdiction, the securing
> of the remand order is itself success on the merits.  When there is such a remand,
> and the trial court retains jurisdiction, the claimant is a prevailing party only if it
> succeeds before the agency.

*Motorola*, 336 F.3d at 1366.

**B. Plaintiffs Do Not Meet the Definition of "Prevailing Parties"**

Plaintiffs assert that this court's two remands to Labor for further administrative action,

*see generally IMB II*, 435 F. Supp. 2d 1335; *IBM I*, 387 F. Supp. 2d 1346, in conjunction with

"this Court's favorable decisions in *IBM I*, *EDS II*,[1] and *CSC II*,[2] in which the very arguments

that Plaintiffs offered . . . were embraced," qualify them as prevailing parties.  Pl.'s Mem. 19.

Together, these events purportedly "alter[ed] the legal relationship of the parties" and made

Plaintiffs "ultimately successful in obtaining the precise relief they sought."  Pl.'s Mem. 19

(quotations omitted); *see* Pl.'s Mem. 18-20.

---

[1]*Former Employees of Elec. Data Sys. Corp. v. U.S. Sec'y of Labor*, 29 CIT __, 408 F. Supp. 2d 1338 (2005).

[2]*Former Employees of Computer Scis. Corp. v. U.S. Sec'y of Labor*, 30 CIT __, 414 F. Supp. 2d 1334 (2006).

Plaintiffs' argument fails.  First, this court's initial remand in *IBM I* did not bestow prevailing party status upon Plaintiffs since it neither "dictate[d] the receipt of benefits" for Plaintiffs nor resulted in a remand determination in their favor.  *Sullivan*, 490 U.S. at 886; *see Motorola*, 336 F.3d at 1366; *Vaughn*, 336 F.3d at 1356; *Second Remand Determination*, 70 Fed. Reg. 75,837-02.  Moreover, Plaintiffs' reasoning ignores the Courts' long-standing prohibition on awarding attorney fees based on the catalyst theory.  *See Buckhannon*, 532 U.S. at 605; *Pierce*, 487 U.S. at 568; *Akers*, 409 F.3d at 1359; *Vaughn*, 336 F.3d at 1355-56.  On voluntary remand, Labor on its own accord, without any direction from this court, changed its policy toward intangible articles, such as those produced by Plaintiffs, and consequently granted Plaintiffs TAA benefits as a result of this new policy.[3]  *See, e.g.*, *Computer Sciences Corporation, Financial Services Group, East Hartford, Connecticut; Notice of Revised Determination on Remand*, 71 Fed. Reg. at 18,355; *Electronic Data Systems Corporation, I Solutions Center, Fairborn, Ohio; Notice of Revised Determination on Remand*, 71 Fed. Reg. at 18,356; *Lands' End, A Subsidiary of Sears Roebuck and Company, Business Outfitters CAD Operations, Dodgeville, Wisconsin; Notice of Revised Determination on Remand*, 71 Fed. Reg. at 18,357; *see Final Determination*, 71 Fed. Reg. at 29,183; *Former Employees of IBM Corp., Global Servs. Div. v. U.S. Sec'y of Labor*, No. 03-00656 (CIT Apr. 10, 2006) (order granting partial voluntary remand).  Although the *Final Determination* provided Plaintiffs with their desired relief, the favorable result did not constitute a success on the case's merits or a "material alteration of [Plaintiffs'] legal relationship" with the Agency, even if Plaintiffs' arguments may have played a role in reshaping Labor's policy.  *Buckhannon*, 532 U.S. at 604; *see Perez-*

---

[3]Tellingly, the Agency did not contest the outcomes of *CSC II* or *IBM II*, even though it could have appealed these cases to the Federal Circuit.

*Arellano v. Smith*, 279 F.3d 791, 795 (9th Cir. 2002) (denying EAJA applicant prevailing party status because favorable decision resulted from agency's voluntary decision); Pl.'s Mem. 22-23. Finally, this court's affirmation of the *Final Determination* in *IBM II* did not confer prevailing party status upon Plaintiffs since that decision merely held that Labor's decision was "supported by substantial evidence and . . . otherwise in accordance with law," and did not stem from an evaluation of Plaintiffs' claims. *See IBM II*, 435 F. Supp. 2d at 1336. Plaintiffs, therefore, do not qualify as prevailing parties under the EAJA, and so their motion is denied.


　　　　October 3, 2006　　　　　　　　　　　/s/ Judith M. Barzilay
Dated:_____　　　_____
　　　　New York, NY　　　　　　　　　　　　　Judith M. Barzilay, Judge