NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1588, 2007-1068

FORMER EMPLOYEES OF IBM CORPORATION, GLOBAL SERVICES DIVISION,
JAMES FUSCO, BARBARA L. PINEAU, DICK YOUNG,
and JOHN F. LAKE (on behalf of all others similarly situated),

Plaintiffs-Appellants,

v.

Elaine Chao, SECRETARY OF LABOR,

Defendant-Appellee.

Jean-Claude André, Ivey, Smith & Ramirez, of Los Angeles, California, argued for plaintiffs-appellants.  With him on the brief was Michael G. Smith, of Washington, DC.

Michael D. Panzera, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.  Of counsel on the brief was Stephen Jones, Office of the Solicitor, United States Department of Labor, of Washington, DC.

Appealed from: United States Court of International Trade

Judge Judith M. Barzilay

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1588, 2007-1068

FORMER EMPLOYEES OF IBM CORPORATION, GLOBAL SERVICES DIVISION,
JAMES FUSCO, BARBARA L. PINEAU, DICK YOUNG,
and JOHN F. LAKE (on behalf of all others similarly situated),

Plaintiffs-Appellants,

v.

Elaine Chao, SECRETARY OF LABOR,

Defendant-Appellee.

Appeals from the United States Court of International Trade in case no. 03-CV-00656, Judge Judith M. Barzilay.

_____

DECIDED: September 3, 2008

_____

Before RADER and MOORE, <u>Circuit Judges</u>, and YEAKEL, <u>District Judge</u>.*

YEAKEL, <u>District Judge</u>.

Appellants Former Employees of IBM Corporation, Global Services Division and James Fusco (collectively the "IBM Employees"); and Barbara L. Pineau, Dick Young, and John F. Lake (on behalf of all others similarly situated) (collectively the "Computer Horizons Employees") filed consolidated appeals challenging three holdings of the Court of International Trade ("CIT") in a trade-adjustment-assistance ("TAA") dispute. Appellants contend the CIT erred in dismissing certain of their claims for lack of jurisdiction; denying

---

* Honorable Lee Yeakel, District Judge, United States District Court for the Western District of Texas, Austin Division, sitting by designation.

Appellants' motion for class certification; and denying Appellants' application for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (2006). We affirm.

## BACKGROUND

Appellants were software programmers who worked at either IBM Corporation's Global Services Division in Piscataway or Middletown, New Jersey (the IBM Employees) or at Computer Horizons Corporation in Irving, Texas (the Computer Horizons Employees). In 2002, Appellants were separated from their respective employment and later that same year petitioned the Department of Labor (the "Department") for certification of TAA eligibility under the Trade Act of 1974 ("Trade Act"), 19 U.S.C. §§ 2251-2495 (2005 & Supp. 2007). The Trade Act offers certain forms of TAA to workers involved in the production of an "article" who lose their jobs due to increased competition from "foreign articles" or due to the shifting of production abroad. 19 U.S.C. § 2272(a)(2000). An applicant must file a petition with the Department requesting certification for assistance eligibility. See 19 U.S.C. § 2271(a). Following an investigation, the Department issues a determination granting or denying the petition. If the petition is denied, the applicant may seek reconsideration by the Department and judicial review by the CIT. See 19 U.S.C. § 2395; 29 C.F.R. §§ 9018-19.

On March 23, 2003, the Department denied both sets of employees' petitions on the basis that neither of Appellants' employers produced an "article" under section 222 of the Trade Act, 19 U.S.C. § 2272(a). See Notice of Determination Regarding Eligibility to Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance, 68 Fed. Reg. 16,833-01 (Dep't of Labor Apr. 7, 2003). On April 29, 2003, the IBM Employees filed a Request for Administrative Reconsideration of the Department's denial of their petition for

TAA.  The Computer Horizons Employees did not seek reconsideration of the Department's decision.  On June 26, 2003, the Department issued its reconsideration determination affirming its earlier decision denying TAA to the IBM Employees.  See IBM Corporation, Global Services Division, Middletown, N.J.; Notice of Negative Determination Regarding Application for Reconsideration, 68 Fed. Reg. 41,845-02 (Dep't of Labor July 15, 2003).

On September 1, 2003, James Fusco, on behalf of the IBM Employees, sought judicial review before the CIT of the Department's decision.  An amended complaint added the Computer Horizons Employees as plaintiffs and added class-action allegations on behalf of all software workers who were or would be denied TAA certification under the Department's decision that production of software is not production of an article under the Trade Act.[1]

On August 1, 2005, the CIT remanded the matter to the Department with instructions to supplement the record by further investigation.  See IBM Corp., Global Serv. Div. v. U.S. Sec'y of Labor, 387 F. Supp. 2d 1346, 1353 (Ct. Int'l Trade 2005).[2]  On remand, the Department again denied TAA certification to the IBM Employees.  See IBM Corporation, Global Services Division, Piscataway, N.J.; IBM Corporation, Global Services Division, Middletown, N.J.; Notice of Negative Determination on Remand, 70 Fed. Reg. 75,837-02, 75,839 (Dep't of Labor Dec. 21, 2005).  The Department's determination did not address the Computer Horizons Employees.

---

[1]     A Second Amended Complaint was filed on January 21, 2004.

[2]     The CIT's August 1, 2005 order did not address the Computer Horizons Employees' claims on the merits, but stated only "the Computer Horizons [Employees] did not file a request for reconsideration with [the Department], and they did not appeal the negative determination to this court within the 60-day time period following the publication of the negative determination, as required by 28 U.S.C. § 2636(d)."  IBM Corp., Global Serv. Div. v. U.S. Sec'y of Labor, 387 F. Supp. 2d 1346, 1349 (Ct. Int'l Trade 2005).

On April 10, 2006, the CIT granted the Department a voluntary partial remand, following the Department's motion, to conduct further investigation and to make a redetermination as to whether the IBM Employees were eligible for TAA certification in light of recent changes in TAA policy. In a revised decision rendered on May 15, 2006, the Department determined that the IBM Employees did produce an "article" (computer software) and that a significant number of the employees lost their employment due to the shifting of production to Canada and certified the IBM Employees as eligible for TAA. See IBM Corporation, Global Services Division, Piscataway, N.J.; Notice of Revised Determination on Remand, 71 Fed. Reg. 29,183-01, 29,183 (Dep't of Labor May 15, 2006).

Following the Department's revised determination, the CIT rendered an order denying Appellants' motion for class certification on June 20, 2006. The CIT determined that Appellants failed to show commonality among the potential class members. On June 21, 2006, the CIT rendered judgment affirming the Department's determination certifying the IBM Employees' petition for TAA. See IBM Corp., Global Serv. Div. v. U.S. Sec'y of Labor, 435 F. Supp. 2d 1335, 1336 (Ct. Int'l Trade 2006). The IBM Employees and the Computer Horizons Employees appealed to this court.

The June 21, 2006 judgment notes in a footnote that the Computer Horizons Employees were not included in the judgment affirming certification, as they had been "dismissed" by the CIT's August 1, 2005 order remanding the matter to the Department. See id. at n.1. This court's examination of the August 1, 2005 order, however, reveals that although the CIT notes that the Computer Horizons Employees did not appeal the Department's negative determination in a timely manner as required by statute, see 28 U.S.C. § 2636(d) (2006), the order does not expressly dismiss either the Computer

Horizons Employees or their claims. See IBM Corp., 387 F. Supp. 2d at 1353. In addition, the CIT's order denying Appellants' motion for class certification, rendered just one day before the June 21, 2006 judgment and ten months following the August 1, 2005 order purporting to "dismiss" the Computer Horizons Employees, includes a discussion regarding the Computer Horizons Employees as named plaintiffs and fails to reference the prior dismissal in the August 1, 2005 order.

Our jurisdiction is limited to an appeal from a "final decision" of the CIT. 28 U.S.C. § 1295(a)(5) (2006). The United States Supreme Court has stated that a final decision "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945); see also Van Cauwenberghe v. Biard, 486 U.S. 517, 521-22 (1988). "The finality of a court's decision is not determined by the way the court characterizes the decision. Rather, the question to be answered is whether any issues remain to be decided by the court." View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963-64 (Fed. Cir. 1997) (citing Catlin, 324 U.S. at 233-34).

In this case, the CIT failed to properly dismiss the Computer Horizons Employees as plaintiffs. However, both the August 1, 2005 order remanding the case to the Department and the June 20, 2006 order denying class certification state that the Computer Horizons Employees may not invoke the CIT's jurisdiction. Additionally, the June 21, 2006 judgment notes the CIT's intended dismissal of the Computer Horizons Employees for lack of subject-matter jurisdiction. Having reviewed all of the CIT's orders in this cause, we find that no issue remains to be decided by the CIT. Therefore, we hold that the CIT's judgment is final.

Following the CIT's judgment, the IBM Employees filed an Application for Attorneys' Fees and Other Expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2006). The CIT denied the IBM Employees' application, finding that the IBM Employees were not "prevailing parties" under the EAJA. The IBM Employees timely appealed.

## DISCUSSION

### Standard of review

The three issues on appeal have separate and distinct standards of review. Decisions regarding the jurisdiction of the CIT are subject to de novo review. See Xerox v. United States, 423 F.3d 1356, 1359 (Fed. Cir. 2005); Friedman v. Daley, 156 F.3d 1358, 1360 (Fed. Cir. 1998).

This court reviews a denial of class certification for an abuse of discretion. See Concol. Edison Co. of New York, Inc. v. Richardson, 233 F.3d 1376, 1380 (Fed. Cir. 2000) (citing Califano v. Yamasaki, 442 U.S. 682, 701 (1979).

> An abuse of discretion may be found when (1) the court's decision is clearly unreasonable, arbitrary, or fanciful; (2) the decision is based on an erroneous conclusion of the law; (3) the court's findings are clearly erroneous; or (4) the record contains no evidence upon which the court rationally could have based its decision.

Hendler v. United States, 952 F.2d 1364, 1380 (Fed. Cir. 1991) (citing Western Elec. Co. Inc. v. Piezo Tech., Inc., 860 F.2d 428, 429-30 (Fed. Cir. 1988)).

The question of whether Appellants are "prevailing parties" under EAJA is an issue of law that we review without deference to the CIT's decision. Former Employees of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1366 (Fed. Cir. 2003) (citing Brickwood Contractors, Inc. v. United States, 288 F.3d 171, 1376 (Fed. Cir. 2002)).

## Jurisdiction

The CIT determined that the Computer Horizons Employees failed to exhaust their administrative remedies, thereby divesting the court of subject-matter jurisdiction. On appeal, the Computer Horizons Employees assert that their failure to exhaust is not jurisdictional, but a statute-of-limitations defense that the Department waived by failing to raise it before filing its answer.

In response, the Department contends that although the CIT erroneously states that its jurisdiction was divested by the Computer Horizons Employees' failure to exhaust their administrative remedies, the CIT's dismissal of the Computer Horizon Employees was expressly based on their failure to "appeal the negative determination of [the CIT] within the 60-day time period following the publication of the [Department's] negative determination, as required by 28 U.S.C. § 2636(d)." IBM Corp., Global Serv. Div., 387 F. Supp. 2d at 1349. The Department argues that the statutory time limit for seeking judicial review under section 2636(d) constitutes a jurisdictional condition precedent to suit, and the Computer Horizons Employees' failure to appeal within the 60-day deadline barred them from seeking review by the CIT. See Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987); Georgetown Steel Corp. v. United States, 801 F.2d 1308, 1312 (Fed. Cir. 1986). Thus, the Department argues, the CIT properly dismissed the Computer Horizons Employees' claims for lack of jurisdiction. We agree.

Under federal law, a statute of limitations is an affirmative defense to be pleaded and proved by a defendant. See Fed. R. Civ. P. 8(c). As an affirmative defense, the statute of limitations is not a condition precedent and, consequently, a plaintiff is not required to plead

and prove compliance with the statute.  See 5 Wright & A. Miller, Federal Practice and Procedure § 1276 (3d Ed. 2004).  A defendant's failure to plead an affirmative defense will result in the waiver of that defense and its exclusion from the case.  See id. at § 1278.  A jurisdictional condition precedent to suit, however, is a condition or time limitation required to create a cause of action that is fixed by statute.  See Fishman by Fishman v. Delta Air Lines, Inc., 132 F.3d 138, 143 (2d Cir. 1998).  Thus, failure to comply with the terms and conditions of such a statute bars a litigant's access to the court.  See id.

The United States Supreme Court recently addressed the distinction between a statute-of-limitations defense and a jurisdictional precedent to suit.  John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750 (2008).  The Court held that the special statute of limitations governing suits against the United States in the Court of Federal Claims sets forth a jurisdictional limitations period not subject to waiver or equitable tolling.  Id. at 755.  Noting that federal law typically treats a limitations defense as an affirmative defense that the defendant must raise at the pleadings stage, the Court found that some statutes of limitations, seeking to protect special interests in timeliness, intend to limit the scope of governmental waiver or sovereign immunity.  Id. at 753.  The time limits of these statutes have been interpreted by the Court as more absolute or "jurisdictional," prohibiting a court's consideration of a litigant's untimely claims.  Id.  Thus, this court must interpret the scope of the limitations in the applicable statute to determine whether the language of the statute intends to bar untimely filed claims.

The question before us is whether the 60-day deadline for commencing actions contesting a final determination of the Department constitutes a jurisdictional condition

precedent to suit, barring the Computer Horizon Employees' appeal as untimely filed. See

28 U.S.C. § 2636(d).

> Ordinarily, a time limitation is deemed a condition precedent if it is fixed in the statute that creates the cause of action, whereas a statutory time limitation must be pleaded as the affirmative defense of a statute of limitations if the cause of action was previously cognizable either at common law or by virtue of another statute.

Fishman by Fishman, 132 F.3d at 143. "[T]he starting point for interpreting a statute is the

language of the statute itself." Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447

U.S. 102, 108 (1980). When the plain text of a statute predicating access to federal courts

is clear, this court need go no further in its analysis. See Hallstrom v. Tillamook County,

493 U.S. 20, 31 (1989). Likewise, when Congress specifies a precise procedure to gain

access to federal court, the court must apply the "mandatory conditions precedent to

commencing suit" under the plain language of the statue and "may not disregard these

requirements at its discretion." Id. Thus, if an action is barred by the terms of a statute, it

must be dismissed. Id.

> Section 2636(d) provides in pertinent part:

> A civil action contesting a final determination of the Secretary of Labor under section 223 of the Trade Act of 1974 . . . is barred unless commenced in accordance with the rules of the Court of International Trade within sixty days after the date of notice of such determination.

28 U.S.C. § 2636(d). Since Section 2636(d) specifies that a plaintiff's action is "barred"

unless filed within 60 days after the date of notice of the Department's determination, failure

to comply with the terms divests the court of jurisdiction over the plaintiff's claims. See

United States v. Mitchell, 445 U.S. 535, 538 (1980); Georgetown Steel Corp. v. U.S., 801

F.2d 1308 (Fed. Cir. 1986). Therefore, we affirm the CIT's holding dismissing the

Computer Horizons Employees' claims for lack jurisdiction.

## Class certification

In its denial of Appellants' Motion for Class Certification, the CIT held that Appellants did not meet the criteria for class certification because (1) they failed to offer valid estimates of the number of individuals in the class, (2) the proposed class encompassed workers facing drastically varying questions of law and fact, thereby lacking commonality, and (3) the proposed class included individuals over which the court lacked jurisdiction to entertain their claims by granting them class certification. Rule 23(a) of the Rules of the Court of International Trade provides the following prerequisites for class certification:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

USCIT R. 23(a).[3] Appellants assert that "valid estimates" are not required and that they have proved that "tens of thousands, or more" software workers qualify as members of the class. With regard to commonality, Appellants argue that all members of the class raise a common legal issue, and that differences in the factual backgrounds of the individual members will not affect the outcome of the common legal issue of whether software qualifies as an article under the Trade Act. Finally, Appellants contend that the inclusion of the Computer Horizons Employees is not fatal to class certification because the CIT has the discretion to partially certify certain subclasses pursuant to Rule 23(c)(4) of the Rules of the Court of International Trade.

---

[3] The CIT did not reach the fourth prerequisite of fair and adequate protection of the interest of the class.

In response, the Department argues that Appellants misinterpret the CIT's rejection of Appellants' estimated numbers of qualifying software workers, noting that the CIT's findings are based upon Appellants' assumption that the Department denies TAA certification to <u>all</u> software workers. Appellants' erroneous assumption, the Department argues, also destroys commonality in the class because certain groups of software workers face differing determinations by the Department regarding TAA certification. Indeed, the CIT's order cites several determinations by the Department certifying certain groups of software workers. As for Appellants' argument in favor of partial certification, the Department argues that because the proposed subclasses created by Appellants fail to distinguish among software workers based upon the multiple statutory criteria upon which the Department bases its determinations, Appellants have failed to establish that their claims are typical of those of the proposed class.

We hold that the CIT's denial of class certification does not constitute an abuse of discretion. The evidence presented by Appellants fails to support a finding of commonality among the class members simply categorized as "software workers." Although Appellants' claim that all potential class members are subject to the same overarching legal issue regarding TAA certification, the evidence presented by the Department and cited by the CIT indicate that certain members of Appellants' proposed class have been granted certification while others have not, thereby destroying commonality as to the applicable question of law for all members of the proposed class. Therefore, we affirm the CIT's holding denying class certification.

**EAJA claim**

The IBM Employees assert that they are entitled to an award of attorney's fees as "prevailing parties" because they secured a remand resulting in the relief they requested while the CIT retained jurisdiction. See Motorola, 336 F.3d at 1366. The CIT found that its initial remand neither mandated the relief requested nor resulted in a determination in Appellants' favor upon remand. As to the second remand, the CIT found that the favorable decision upon remand resulted from the Department's voluntary decision to remand and did not stem from an evaluation of Appellants' claims. Therefore, the CIT concluded, Appellants do not qualify as prevailing parties under the EAJA.

To establish prevailing-party status on their claim for TAA certification, Appellants must demonstrate success upon the merits of their claim. See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 603 (2001). An EAJA applicant "must show that it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those." Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1025 (Fed. Cir. 2005). In Motorola, we did not hold that every remand to an administrative agency constitutes a grant of relief on the merits, but found that "where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party . . . when successful in the remand proceedings where there has been a retention of jurisdiction." 336 F.3d at 1366. Therefore, in order for the IBM Employees to achieve prevailing-party status, we must conclude that the CIT's remand order was the equivalent of a judgment on the merits or a court-ordered consent decree. That is, we must conclude that the order carried sufficient judicial imprimatur to materially alter the legal relationship between the IBM Employees and

2006-1588, 2007-1068                12

the Department. See Rice Servs., 405 F.3d at 1027. We conclude that the remand order and subsequent Judgment in this case did not have such a legal effect. The CIT's remand order granted the Department's consent motion for partial remand, ordering the action "remanded to the United States Department of Labor to conduct a further investigation and to make a redetermination as to whether the [IBM Employees] are eligible for [TAA certification]." The Department sought a voluntary remand to determine whether the IBM Employees met the statutory criteria for TAA certification in light of the Department's changed policies regarding the eligibility of benefits for "workers who produce software not embodied in a tangible medium." We find that the circumstances surrounding the second remand in this case do not meet the criteria established in Motorola for Appellants to qualify as prevailing parties under the EAJA.

"A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." Buckhannon, 532 U.S. at 605. In Buckhannon, the Supreme Court rejected the so-called "catalyst theory" as a basis for establishing prevailing-party status because "[the 'catalyst theory'] allows an award where there is no judicially sanctioned change in the legal relationship of the parties." Id. The Department's change in policy, voluntary remand, and redetermination did not result in a "corresponding alternation in the legal relationship of the parties." Id. The CIT did not decide the merits of the IBM Employees' claims. Unlike Motorola, the Department in this case did not concede error, and the IBM Employees did not secure a judgment on the merits of their claims because their claims became moot under the Department's new policy as applied upon remand. Therefore, we hold that the

IBM Employees are not prevailing parties, and affirm the CIT's denial of attorney's fees and expenses under the EAJA.

## CONCLUSION

We affirm the Court of International Trade's dismissal of the claims of the Computer Horizon Employees, the denial of Appellants' motion class certification, and the denial of the IBM Employees' application for attorney's fees and expenses under the Equal Access to Justice Act.